UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                :
                                      :
DANA M. NULL,                         : BK. NO. 4-11-04263
                                      :
              Debtor                  : CHAPTER 13

PETITION TO MODIFY CONFIRMED FIFTH AMENDED CHAPTER 13 PLAN

1. Petitioner, Debtor, DANA M. NULL, filed a proposed Fifth Amended Plan on February 22, 2016, docket #257.

2. After notice to creditors and parties in interest and a court hearing, the court approved Debtor's Fifth Amended Plan on April 23, 2012, Docket #278.

3. The confirmed Plan is proposed to be modified in the following ways:

The projected sale sum of $800,000.00 was not made for the sale of the property known and designated as 1428 Woodward Avenue, Lock Haven, Pennsylvania, including full mineral rights and the adjacent approximate 33 acres. The actual total gross sale value from both lots and mineral rights was $500.000.00. All tax and lien creditors were paid in full outside the plan. The sum of $1,599.98, as well as the sum of $49,628.29 was paid over to the Trustee from the sale proceeds of the adjacent 33 acres. Due to the low sale value of the real estate, there will not be enough money available to pay the remaining unsecured debt – the PSECU joint proof of claim of $7,387.66 and the unsecured PA Department of Revenue claim of $1,479.00.

Secured Claims – The JP Morgan Chase first mortgage was paid $303,733.51 from the sale of real estate and the sum of $5,100.00 from rental payments outside the sale per Court Orders in full settlement of their claim. The National Credit Union second mortgage was paid $142,900.37 out of real estate proceeds and $5,100.00 out of rental proceeds outside the plan in full settlement of its $250,110.09 lien claim.

The KW Gas & Oil Co., LLC claim was paid in full from real estate proceeds, as well as all taxes due and owing the Clinton County Tax Claim Bureau outside the Plan.

All IRS taxes have been paid and settled with payments outside the Plan and the amount due and owing IRS is now $0.00 as per Proof of Claim 12-4.

The PA Department of Revenue was paid the sum of $6,841.26 by the Trustee per Court Order dated August 3, 2011, on its $8,320.26 filed claim, thereby leaving an unsecured balance due and owing of $1,479.00, which said unsecured claim will not be paid.

Debtor will not be borrowing the $45,000.00 from the family of James Null.

WHEREFORE, Debtor, by and through her attorney, Charles A. Szybist, requests the acceptance of the above modifications to her confirmed Fifth Amended Chapter 13 Plan and that she have such other and further relief as is just.

DATED: January 25, 2017    Respectfully submitted:

/s/ Charles A. Szybist_____
CHARLES A. SZYBIST, ESQUIRE
Attorney for Debtor
423 Mulberry Street
Williamsport, PA   17701
Telephone No.:  (570) 326-0559

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: :
:
DANA M. NULL, : BK. NO. 4-11-04263
:
Debtor : CHAPTER 13

ORDER

UPON consideration of Debtor, Dana M. Null's, Petition to modify the confirmed Fifth Amended Chapter 13 Plan because of changes in circumstances and after notice to parties in interest and after hearing thereon, it is hereby

ORDERED and DECREED that Debtor's proposed modifications be and the same are hereby approved and Debtor's Fifth Amended Chapter 13 Plan is modified in the following respects:

1. Debtor, Dana M. Null, is excused from paying all unsecured debt, including joint unsecured debt, because insufficient money was received from the sale of all of Debtor's real estate and mineral rights, and there is not enough money left over, after settlement and payment of all priority tax claims and secured debt, to pay the remaining unsecured debt.

2. Debtor will be under no obligation to borrow $45,000.00 from the family of James Null to make this a 100% plan and will be excused from borrowing this money.

3. Chapter 13 Trustee, Charles J. DeHart, Jr., Esquire, paid the priority sum of $6,841.26 from the $8,320.26 claim of the PA Department of Revenue from the sale of the real estate and adjoining acres leaving a remaining non-priority, unsecured balance due of $1,479.00, as per Court Order of August 4, 2011.

4. Debtor shall not be obligated to make adequate protection payments under the first and second mortgages because the first mortgage was paid in full and the second mortgage

received all remaining proceeds from the sale of the residence, adjoining 33 acres and mineral rights.

     5. Debtor is deemed to have abandoned her interest in ANC Trust, LLC, Log Cabin Manufacturer's LLC, Corp., Route 56 stock option and the 2003 inoperable Jaguar as having inconsequential value.