IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DANA M. NULL | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| | : | |
| vs. | : | |
| | : | |
| DANA M. NULL | : | |
| Respondent | : | CASE NO. 4-11-bk-04263-JJT |

TRUSTEE'S RESPONSE TO OBJECTION/QUALIFIED CONSENT
OF THE NATIONAL CREDIT UNION ADMINISTRATION BOARD

AND NOW, this 17th day of February, 2017, comes Charles J. DeHart,III, Standing Chapter 13 Trustee for the Middle District of Pennsylvania, through his attorney Agatha R. McHale, and files this Response to the Objection/Qualified Consent of the National Credit Union Administration Board:

      1. No response is needed.

      2. Admitted insofar as the documents attached to the objection as Exhibit A speak for themselves.

      3. Admitted only that Paragraph 1 (Page 3) of the Agreement says that $15,286.60 being held by the Trustee was to be paid to NCUAB, as Liquidating Agent (hereinafter "NCUAB"). Denied that the Trustee was required to pay $15,286.60 to NCUAB pursuant to the Agreement. Said Agreement was executed by legal counsel for Debtor and NCUAB. The Trustee was not a signatory to the Agreement. Moreover, Local Bankruptcy Rule 3015-2(b) is clear. Once a plan has been filed, any changes to the plan must be made by filing an amended plan and not by filing a stipulation, (or in this case an agreement), between the affected parties. Debtor's Fifth Amended Plan filed on February 22, 2012 was confirmed on April 23, 2012, and the Trustee correctly disbursed plan proceeds pursuant to the confirmed plan.

      4. Admitted insofar as the Agreement speaks for itself.

      5. Admitted that Trustee has not paid $15,286.60 to NCUAB. Answering further, Trustee was not required to pay NCUAB anything pursuant to confirmed plan.

6. Denied. Trustee does not have sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Objection.

7. Denied. Trustee does not have sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Objection.

8. Admitted in part, denied in part. Admitted that Debtor paid at least $17,984.23 to the Trustee. The remaining averments in the paragraph are denied as Trustee does not have sufficient information or knowledge to form a belief as to the truth or falsity of the allegations.

9. Denied that the Fifth Amended Plan provides for the payment of $15,286.60 to NCUAB. To the contrary, the Plan (Page 4) says that NCUAB will be paid $0.00 in the plan. Moreover, all but $383.42 of the plan payments have already been disbursed by the Trustee to creditors in this case, and $64,138.35 of the $77,000.00 paid into the plan was disbursed to Debtor's Counsel Charles A. Szybist. This includes the $15,286.60 at issue in the objection.

10. Calls for conclusions of law to which no response is deemed needed.

Respectfully submitted,

Charles J. Dehart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717)566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 17th day of February, 2017, I hereby certify that I have served the within Response by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Charles Szybist, Esquire
423 Mulberry Street
Williamsport, PA   17701

Bradford Harris, Esquire
132 West Main Street
New Holland, PA   17557

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee